ALPHONSE TOCCO, Respondent, v. CAFE NINO, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. MARCATO ELEVATOR COMPANY, INC., Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff who, while making a delivery to a restaurant owned by the defendant Cafe Nino, Inc., was injured when a sidewalk freight elevator fell down from the street level to the basement after plaintiff had stepped on it, in which action the defendant served a third-party complaint against the third-party defendant Marcato Elevator Company, Inc., an elevator maintenance company then under contract to service the elevator, both the defendant and third-party defendant appeal as follows from a judgment of the Supreme Court, Kings County, entered June 30, 1964 upon the decision of the court after a nonjury trial, which directed recovery by plaintiff against defendant of damages in the sum of $32,000, plus interest thereon and costs, and which directed recovery over by the defendant as third-party plaintiff against the third-party defendant of said damages and interest, plus costs: (1) The defendant appeals from so much of the judgment as is in favor of the plaintiff against it. (2) The third-party defendant appeals from the entire judgment. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce the damage award from $32,000 to $15,000; to reduce the interest proportionately, and to modify the judgment accordingly. In the event such stipulation be served and filed, then the recovery over by the defendant as third-party plaintiff against the third-party defendant is reduced accordingly and the entire judgment, as so reduced and modified, is affirmed, without costs. In our opinion, under all the circumstances the amount of the damages awarded was excessive, at least to the extent indicated. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER NARDUCCI, Appellant.— Motion by defendant to enlarge time to perfect his pending appeal; to remit the action to the trial court for a proper determination by the court as to the voluntariness of his confession, and to hold the appeal in abeyance pending the determination of such issue. The District Attorney joins in the motion. The motion is granted to the extent of enlarging defendant's time to perfect the appeal to the May Term, beginning April 26, 1965; appeal ordered on the calendar for said term. In all other respects, the motion is denied. The appeal from the judgment of conviction is now before us for determination. Other issues are raised, apart from the issue as to the voluntariness of the confession. Based on such other issues, it is quite possible that the judgment may be reversed and a new trial granted, or that the judgment may be reversed and the indictment dismissed. In the event of the granting of a new trial, all the issues including the voluntariness issue could be properly retried at the same time. In the event of the dismissal of the indictment, trial of the voluntariness issue would of course become unnecessary. Under the circumstances, we believe it would now be premature to remit the action to the trial court for a separate trial as to the voluntariness issue. The trial courts are already overburdened with the current volume of trials upon the voluntariness issue. Therefore, we have now decided that a partial retrial as to that issue alone should not be directed until it becomes necessary to do so. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.